WYNN, Circuit Judge, concurring:
 

 I concur in the majority opinion's determination that the City of Roanoke's stormwater assessment constitutes a "fee," rather than a "tax," and therefore is not subject to the provision in the Railroad Revitalization and Reform Act (the "4-R Act") prohibiting state and municipal "tax[es]" that discriminate against rail carriers.
 
 49 U.S.C. § 11501
 
 (b)(4). The assessment is connected to a federal regulatory program, is designed to defray the costs
 of that program, and encourages property owners to take steps to advance the program's regulatory objectives, and therefore serves "primarily ... regulatory or punitive purposes, making it a 'fee.' "
 
 GenOn Mid-Atlantic, LLC v. Montgomery Cty., Md.
 
 ,
 
 650 F.3d 1021
 
 , 1023 (4th Cir. 2011) (internal quotation marks omitted).
 

 The analytical framework used in this matter derives from the First Circuit's decision in
 
 San Juan Cellular Telephone Co. v. Public Svc. Comm'n
 
 ,
 
 967 F.2d 683
 
 , 685 (1st Cir. 1992) (Breyer, J.). The framework in that case has been used to distinguish "taxes" from "fees" for purposes of the Tax Injunction Act,
 
 28 U.S.C. § 1341
 
 .
 
 See
 

 Valero Terrestrial Corp. v. Caffrey
 
 ,
 
 205 F.3d 130
 
 , 134 (4th Cir. 2000).
 

 Here, we apply that Tax Injunction Act precedent to interpret whether an assessment is a "tax" or "fee" under the 4-R Act. In doing so, we recognize that this Court has held that "we must examine the explicit factual circumstances that transcend the literal meaning of the terminology and ask whether the charge is levied primarily for revenue raising purposes, making it a 'tax,' or whether it is assessed primary for regulatory or punitive purposes, making it a 'fee.' "
 
 GenOn
 
 ,
 
 650 F.3d at 1023
 
 (internal quotation marks omitted). "[B]roader-based taxes ... sustain the essential flow of revenue to the state (or local) government [whereas] fees ... are connected to some regulatory scheme."
 
 Collins Holding Corp. v. Jasper Cty., S.C.
 
 ,
 
 123 F.3d 797
 
 , 800 (4th Cir. 1997). And this Court's long-standing precedent makes clear that "[t]he proper analysis to arrive at the real nature of the assessment is to examine all the facts and circumstances and assess them on the basis of economic realities."
 
 United States v. City of Huntington, W. Va.
 
 ,
 
 999 F.2d 71
 
 , 73 (4th Cir. 1993) (internal quotation marks and alterations omitted).
 

 Thus, determining whether an assessment amounts to a tax or fee turns on "all the facts and circumstances."
 

 Id.
 

 Nonetheless, this Court, and other courts, have characterized
 
 San Juan Cellular
 
 as identifying three "factors" that bear on the resolution of that question: "(1) what entity imposes the charge; (2) what population is subject to the charge; and (3) what purposes are served by the use of the monies obtained by the charge."
 
 Valero
 
 ,
 
 205 F.3d at 134
 
 . But
 
 San Juan Cellular
 
 did not enumerate a "three-factor" test-which instead came from a Ninth Circuit opinion purporting to distill the analysis in
 
 San Juan Cellular
 
 .
 
 See
 

 Bidart Bros. v. Cal. Apple Comm'n
 
 ,
 
 73 F.3d 925
 
 , 931 (9th Cir. 1996). Rather,
 
 San Juan Cellular
 
 highlighted three "facts of th[e] case"-which "facts" the Ninth Circuit later denominated as "factors"-because those facts indicated that the assessment at issue was "close to the 'fee' end of the spectrum," "with a paradigmatic tax at one end and a paradigmatic fee at the other."
 
 967 F.2d at 686
 
 . The court had no reason to address other "circumstances" that might be relevant in distinguishing a tax from a fee because they were not present in the case.
 

 Id.
 

 Significantly, our Tax Injunction Act decisions distinguishing between taxes and fees have not always rigorously adhered to the three-factor analytical framework.
 
 See, e.g.
 
 ,
 
 GenOn
 
 ,
 
 650 F.3d at 1023-24
 
 (placing little weight on first factor, and characterizing three factor framework as an "aid" in resolving governing question of whether assessment is for revenue raising purposes or regulatory purposes);
 
 Collins
 
 ,
 
 123 F.3d at
 
 797 (citing
 
 San Juan Cellular
 
 , but only addressing two of the three factors, and characterizing the third factor-the "purpose and ultimate use of the assessment"-as "the heart of the inquiry").
 

 I write separately to point out that reducing a "totality-of-the-circumstances" inquiry into a "three-factor test" poses substantial risks. It elevates the significance of enumerated factors, relative to non-enumerated factors. It suggests that the enumerated factors warrant equal significance in the ultimate weighing, notwithstanding that some facts may be more important than others. It also discourages courts from considering factors that are not enumerated in the test, but may be highly relevant in a particular case. And it serves as an invitation to lower courts to simply tick through the enumerated factors and determine whether more factors favor treating an assessment as a tax or a fee. But "a score of [2] to [1] decides a baseball game,"
 
 Remington Hybrid Seed Co.
 
 ,
 
 495 F.3d 403
 
 , 407 (7th Cir. 2007), not a multi-factorial balancing test, let alone a totality-of-the-facts-and-circumstances test, like that used to determine whether an assessment constitutes a tax or fee,
 
 cf.
 

 Hexom v. Or. Dep't of Transp.
 
 ,
 
 177 F.3d 1134
 
 , 1137 (9th Cir. 1999) (explaining that cases applying the
 
 San Juan Cellular
 
 test "take a practical and sensible approach. They do not apply a set of rigid rules or elements and then reach a mechanical conclusion").
 

 In this case, we conclude that the first two factors have little or no bearing on our ultimate determination that the assessment at issue constitutes a fee. Additionally, the decisive third factor-which appears to be coextensive with the purpose of the entire three-factor inquiry-encompasses numerous considerations that bear significant weight in the ultimate determination-such as whether the funds are kept in a segregated fund and whether the assessment incentivizes decisions that advance the program's regulatory objectives-but which are not elevated to separate "factors" in the three-factor framework. Thus, though we characterize our analytical framework as a "three factor test," the analysis adheres moreso to the governing "totality-of-the-circumstances" inquiry.
 

 In sum, the three "factors" from
 
 San Juan Cellular
 
 provide helpful guidance in analyzing the fundamental question of whether an assessment serves revenue raising purposes, and therefore is a tax, or serves a regulatory purpose, and therefore is a fee. But the "heart of the inquiry" remains "the purpose and ultimate use of the assessment."
 
 Collins
 
 ,
 
 123 F.3d at 797
 
 . The majority opinion engages in a thorough and persuasive analysis of numerous facts and circumstances bearing on that question and concludes the assessment is a fee. Accordingly, I concur.